[Crim. No. 3923. Fourth Dist., Div. One. Aug. 13, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRELL EARL DU BOSE, Defendant and Appellant.

## Counsel

Peter B. Clarke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and Jane C. Liebman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—Appellant Jerrell Earl Du Bose was charged and convicted by a jury of three counts of robbery (Pen. Code, § 211), and three counts of burglary (Pen. Code, § 459). The convictions resulted from three incidents which occurred on December 27, 1968, January 9, 1969, and January 14, 1969. As to each incident, appellant was charged and convicted of both robbery and burglary, and the jury found he was armed with a deadly weapon at the time he committed each of the six offenses. His motion for new trial was denied. He was sentenced to prison for the term prescribed by law on each of the robbery convictions; the court ordered the second and third robbery sentences to run concurrently with the first. Sentences on the burglary convictions were suspended, the suspension to become permanent upon the completion of the sentences for robbery. We treat his appeal as being from the judgment of conviction.

Appellant was positively identified, first from a photograph and later at trial, by employees of three different businesses as the man who robbed each of them at gunpoint on the dates charged.

On appeal appellant contends:

(1) Failure of the trial court to instruct *sua sponte* that no inference of guilt can be drawn from failure of the defendant to testify, was error.

(2) The trial court erred in informing appellant the court could not subpoena Texas witnesses where the defendant made known an alibi defense.

(3) The trial court erred in failing to remedy appellant's complaints regarding his appearance before the jury in prison clothes and shackles.

(4) Appellant was improperly held to answer in the superior court where preliminary examination was delayed 22 days following arraignment in the municipal court.

(5) The court erred in allowing duplicate charges of burglary and robbery after each transaction to go before the jury.

 Contrary to appellant's contention, the trial court was not required to instruct the jury that no inference of guilt might be drawn from the fact he did not testify at the trial.[1] Appellant concedes he did not request the

---

[1] The instruction (then CALJIC 51 Re-rev., now CALJIC 2.60) reads: "It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus the decision as to whether he should testify is left to the defendant, acting with the advice and assistance of his attorney. You must not draw any inference of guilt from the fact that he does not testify, nor should this fact be discussed by you or enter into your deliberations in any way."

instruction, and the claim it should be given, *sua sponte,* was rejected in *People* v. *Gardner,* 71 Cal.2d 843 [79 Cal.Rptr. 743, 457 P.2d 575]. There the Supreme Court stated: ". . . the instruction contains many of the vices condemned in *Griffin* v. *California, supra,* 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], including the evil of pointing up to the jury the defendant's failure to testify. However, the instruction also seeks to prevent the evil condemned by *Griffin* in that it expressly forbids the jury from drawing an inference of guilt from the defendant's failure to testify. Whether or not it is to the defendant's advantage to have the instruction given manifestly is debatable. In any event it is not necessary for the jury's understanding of the case and thus the court did not err in failing to give it on the court's own motion." (Pp. 853-854.) (See also *People* v. *Brady,* 275 Cal.App.2d 984, 989-992 [80 Cal.Rptr. 418].)

Appellant asserts the quoted portion of the decision in *Gardner* is dicta. In *Gardner* the defendant did not request the instruction concerning his failure to testify, and in fact specifically requested the instruction not be given. Nonetheless, on appeal, he contended the court should have given the instruction on its own motion. Whether the holding we have quoted is considered as dicta, or as an alternative reason given for rejecting the defendant's claim of error, we believe the conclusion reached, and the reasons for it, are sound and adopt it as the basis for our ruling.

Appellant's second and third contentions are based upon a conference in chambers which took place after the prosecution had rested its case. We gather he had expressed some dissatisfaction about the defense of his case to his trial counsel, who requested the conference out of the jury's presence. Appellant made a long, rambling, almost unintelligible statement in which he (1) stated he did not wish to testify because he did not want the jury to know he had been in prison (evidently this was contrary to his trial attorney's advice), (2) specifically stated he respected his appointed attorney, was not dissatisfied with his services and would have, in all probability, hired him as his lawyer if he had had the funds, (3) stated some members of the jury had seen him brought to the courtroom in shackles, (4) if convicted, intended to bring out in federal court the fact he had been tried in jail clothing, (5) had not committed any of the offenses, and was in Texas at the time the crimes were committed, (6) was with a married woman there and did not wish to bring her into the matter, (7) had not suggested subpoenaing people to court, and (8) wanted his attorney to tell the jury in argument about a long-distance telephone conversation the attorney had with appellant's sister-in-law in Texas.

Several times during the conference the trial judge interrupted appellant's rambling statement to ask if he had a specific request to make, or wished to make any application or motion upon which the court could rule, or whether there were any witnesses he wished to call. Only one time did the court receive a specific answer which was, "I don't know. I just want my transcript if I am found guilty." The one time when appellant hinted a witness in Texas could not come to court, the trial judge stated: "You said the witness can't come. We can't subpoena anybody in Texas." Appellant replied he was "with a married woman in Texas. I cannot bring her and get involved with that."

■ The contention the court erred in informing appellant he could not subpoena witnesses from Texas is without merit. In the first place, there is nothing to indicate appellant either wanted or requested this to be done. The record is to the contrary. Secondly, the court's remarks were technically correct. Penal Code, sections 1334-1334.6, establishing the procedure for securing the attendance of out-of-state witnesses, do not give the California courts the power to subpoena such witnesses. Even if we were to view the record as indicating a request to obtain the attendance of out of state witnesses, it is apparent the request, made after the People had rested, would have come too late. The procedures outlined in the code sections for obtaining the attendance of foreign witnesses are obviously time-consuming. Due diligence requires application be made to the court invoking its aid to secure such witnesses long before trial and certainly at a time which would not require an extended interruption of a trial, then almost completed. A defendant may not complain of the absence of a witness unless he had made a showing of due diligence to obtain the attendance of the witness. (*People* v. *Ortiz,* 195 Cal.App.2d 112 [15 Cal.Rptr. 398]; *People* v. *Grey,* 180 Cal.App.2d 683, 688 [4 Cal.Rptr. 561]; *People* v. *McShann,* 177 Cal.App.2d 195, 197-200 [2 Cal.Rptr. 71].) This, appellant has failed to do.

■ Much of what we have said in the preceding paragraph is also applicable to appellant's contentions he was prejudiced because he was tried in jail clothing and because some jurors had seen him transported to the courtroom in "shackles." A defendant who is unable to provide himself with suitable clothing, and does not wish to be tried in jail attire may, no doubt, apply to the court for relief. (See *People* v. *Zapata,* 220 Cal. App.2d 903, 910-911 [34 Cal.Rptr. 171].) Manifestly, if the application is to serve any useful purpose, it should have been made before the trial begins. If, in fact, appellant believed he would be prejudiced before the jury because of his jail clothing, he should have requested the court's aid before the jury had seen him dressed in it. We fail to see how the situation could have been improved by a change of clothing when the trial was almost

over. The business of conducting criminal trials is not without substantial risk. Appellant does not contend he was manacled during the actual trial. He was charged with three armed robberies and faced a possible life sentence. Under this circumstance it was reasonable and proper for the sheriff to keep him handcuffed while in transit between the jail and the courtroom. (*People* v. *Ross,* 67 Cal.2d 64, 72 [60 Cal.Rptr. 254, 429 P.2d 606].)

The trial court instructed the jury: "You must not suffer yourselves to be biased against a defendant because of the fact that he has been arrested for the offenses or because an information has been filed against him or because he has been brought before the Court to stand trial. None of these facts is evidence of his guilt, and you are not permitted to infer or to speculate from any or all of them that he is more likely to be guilty than innocent."

Neither appellant nor his attorney requested an amplification of the instruction to specifically include a warning against bias or prejudice because of appellant's dress or because he had been seen in handcuffs. Moreover, both of these matters were merely mentioned by appellant in his statement in chambers; he made no specific request, motion or objection in connection with either of them. In this state of the record, absent an actual showing of prejudice, appellant is precluded from raising either issue on appeal. (*People* v. *Bryan,* 3 Cal.App.3d 327, 344 [83 Cal.Rptr. 291]; *People* v. *Deveny,* 112 Cal.App.2d 767, 769-770 [247 P.2d 128].)

■ Appellant's fourth contention concerns the length of time which elapsed between the arraignment and preliminary hearing in the municipal court. He maintains Penal Code sections 859b and 860 require the magistrate to provide a preliminary examination "immediately" after a defendant pleads not guilty. If a defendant appears without counsel on the date set for the preliminary examination, Penal Code section 860 provides the magistrate must give the accused time to obtain counsel, and "immediately" following the appearance of counsel, to examine the case. Furthermore, Penal Code section 859b, providing for the setting of the examination date, does not require that it be set within a fixed time limit. A defendant is entitled to a preliminary hearing without unreasonable delay. (*In re Chambers,* 32 Cal.App. 476, 478 [163 P. 223].) In the light of the crowded condition of court calendars, the setting and holding of a preliminary examination 22 days after arraignment is not unreasonable.

Moreover, appellant's contention is a challenge to the legality of his committment. Since he made no motion in the trial court to set aside the in-

formation because there was an unreasonable delay between the date of his arraignment and the preliminary hearing, he is precluded from afterward making the objection. (Pen. Code, § 996; *People* v. *Harris,* 67 Cal.2d 866, 870 [64 Cal.Rptr. 313, 434 P.2d 609].) While appellant moved to set aside the information under Penal Code section 995, the motion was based upon Penal Code section 654, and not on the contention an unreasonable length of time elapsed between arraignment and the preliminary hearing. Appellant, therefore, has waived his right to objection on that ground.

■ Appellant's contention he was unfairly charged with both robbery and burglary of each of the stores is likewise without merit. He concedes the evidence clearly indicates a robbery of the stores, claims the People offered no different or additional evidence to establish the burglaries, and contends the only purpose served by charging the burglaries was the presentation of duplicate charges to the jury. If the appellant entered the stores with the intent to commit robbery, he also committed burglary. Intent is rarely susceptible of direct proof and usually must be inferred from the facts and circumstances surrounding the incident in question. (*People* v. *Nichols,* 196 Cal.App.2d 223, 227 [16 Cal.Rptr. 328]; *People* v. *Franklin,* 153 Cal.App.2d 795, 797 [314 P.2d 983].) There is no better proof that appellant entered the stores with intent to commit robbery than a showing he did in fact commit robbery after his entry. (*People* v. *Shepardson,* 251 Cal.App.2d 33, 36 [58 Cal.Rptr. 809]; *People* v. *Reed,* 241 Cal.App.2d 102, 104-105 [50 Cal.Rptr. 300].) Since the evidence amply supports appellant's conviction of both robbery and burglary in each instance, it is difficult for us to conceive how the People were unfair in charging him with both of them.

■ Although appellant has not directly raised the issue of double punishment, his double conviction and the argument he advances makes a discussion of Penal Code section 654 appropriate. ■ "[C]onduct giving rise to more than one offense within the meaning of the statute [Pen. Code § 654] may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished." (*People* v. *McFarland,* 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449].) ■ Here the court sentenced only on the robbery counts and suspended the imposition of sentence on the burglary counts. The proper procedure would have been for the court to sentence on the burglary as well as the robbery counts, and then to suspend execution of the sentence on the burglary counts to avoid double punishment. (*In re Wright,* 65 Cal.2d 650, 656 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Niles,* 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11].) Appellant has suffered no prejudice; as to each of the dual

convictions, he has been sentenced only on the robbery and not on the burglary.

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.

A petition for a rehearing was denied September 4, 1970, and appellant's petition for a hearing by the Supreme Court was denied October 9, 1970.