[Crim. No. 10093. First Dist., Div. One. Nov. 22, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
ANDREW CARL CASTAGNOLA, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Robert R. Granucci and John T. Murphy, Deputy Attorneys General, for Plaintiff and Appellant.

Bornstein & Bergstrom, Isidoor Bornstein, Hanson, Bridgett, Marcus & Jenkins and Duane Blackburn Garrett for Defendant and Respondent.

## OPINION

**MOLINARI, P. J.**—This is an appeal by the People from an order granting a motion made by defendant pursuant to section 995 of the Penal Code to set aside an information charging a violation of section 11912 of the Health and Safety Code.[1] The order was based upon an alleged lack of compliance with section 861 of the Penal Code which provides that a preliminary examination "must be completed at one session, unless the magistrate, for good cause shown by affidavit, postpone it. The postponement cannot be for more than two days at each time, nor more than six days in all, unless by consent or on motion of the defendant."[2] We have concluded that the trial court abused its discretion in dismissing the information and the order must be reversed.

The preliminary examination commenced at 10 a.m. on Tuesday, May 18, 1971. The People called Gerald H. Hochman, an employee of the Bureau of Narcotics and Dangerous Drugs of the Department of Justice, as their first witness. Hochman was examined by the People, then by the defense, and then again by the People. Charles Richard Hall, an employee of the Bureau of Narcotics Enforcement of the State of California, was called by the People as their second witness. The People examined Hall and then rested their case.

The defense called Joe Salamander, a "confidential reliable informant part-time," as an adverse witness. The defense examined Salamander, and the People then stated that they did not have any questions of this witness.

---

[1]Such an order is appealable. (*People* v. *Superior Court,* 276 Cal.App.2d 581, 585 [81 Cal.Rptr. 42]; Pen. Code, § 1238, subd. (1).)

[2]Unless otherwise indicated, all statutory references are to the Penal Code.

The defense informed the court that they wished to call one more witness. The court then ordered a short recess.

Following the recess, the defense called Katherine Clair Smeland, who resided with defendant. Smeland was examined by the defense. The People then examined Smeland. During the course of this examination, the People asked Smeland if she had made a written statement respecting various telephone conversations between defendant and other persons which she had been relating in the course of her testimony. Smeland answered that following defendant's release on bail, defendant's counsel asked her and defendant to prepare a statement. Smeland testified that she and defendant independently wrote separate statements of their recollections. After they had completed the statements, Smeland typed both of them. Smeland testified that she had read defendant's statement sometime prior to April 15, 1971, which was the date for which the examination had previously been scheduled, in order to refresh her recollection. Smeland testified that she had not looked at her own statement since the time she prepared it. She explained that her statement was only two pages long, whereas defendant's was 16 pages long. Smeland stated that her own statement did not include all of the telephone conversations to which she had just previously testified. Smeland denied that she would have been unable to recall these conversations without the aid of defendant's statement.

The district attorney then indicated that he believed he should be permitted to read defendant's statement on the basis that Smeland had used it to refresh her recollection. A colloquy between court and counsel then ensued as to whether the prosecutor was entitled to see the statement. The court indicated that it was not prepared to decide the matter and suggested that a recess be taken until 8:30 a.m. the next day at which time the respective counsel were to present points and authorities on the issue. The prosecutor agreed but defense counsel noted an objection to the continuance. All witnesses were ordered to return the next day at 8:30 a.m.

On Wednesday, May 19, 1971, the court asked Smeland to resume the stand and then asked the district attorney if he had any further questions. The prosecutor indicated that he did not believe he had any additional questions for the witness. He stated that he would, however, like to renew his motion to see the statement which defendant had written. He indicated that he had been furnished a copy of Smeland's statement. The district attorney then proceeded to present his argument respecting defendant's statement. The court denied the prosecutor's request without prejudice.

The defense then proceeded with redirect examination of Smeland. The defense first asked her a few questions respecting defendant's statement. The defense then went on to question her about the circumstances of the charge against defendant. Following this questioning, the People questioned Smeland. Both sides then rested. The court then ordered that defendant be held to answer.

Following the filing of the information and defendant's arraignment, defendant filed a timely motion to dismiss the information in accordance with section 995. The basis of this motion was twofold: that the court erred in holding defendant to answer because the evidence demonstrated defendant had been entrapped in the commission of the crime, and that the magistrate had erred in continuing the preliminary hearing over defendant's objections rather than completing it in one session as provided by section 861. Following a hearing on this motion the court below caused to be entered a minute order as follows: "Motion pursuant to Sec. 995 P.C. is granted (Peo. vs Butcher [sic] 175 A (2) 343; Sec. 861 P.C.); Information dismissed."

■■ In considering the question before us we first observe that the principal purpose of the preliminary examination is to determine whether an offense triable in the superior court has been committed, and whether there is sufficient cause to believe that the defendant is guilty of having committed it. The procedures prescribed in the Penal Code for the conduct of the examination, however, are designed to assure that the rights of the accused are protected. In particular, they are intended to secure the accused's right to personal liberty by precluding the possibility that he will be detained in custody indefinitely or capriciously in order that a case may be developed or that circumstances may arise which will justify a trial. (*People* v. *Bucher,* 175 Cal.App.2d 343, 346 [346 P.2d 202].) We also note that we are called upon to determine a question of law, namely, the interpretation of a statute in the light of undisputed fact.

■ Section 861 provides that the preliminary examination must be completed in *"one session,"* unless the court postpones the examination for good cause as shown by an affidavit. If the examination has been postponed without the presentation of an affidavit establishing good cause, the defendant may move to have the information set aside under section 995 on the basis that the defendant has "not been legally committed by a magistrate." (*People* v. *Bucher, supra,* 175 Cal.App.2d 343, 347; see *People* v. *Elliot,* 54 Cal.2d 498, 502 [6 Cal.Rptr. 753, 354 P.2d 225]; *Jennings* v. *Superior Court,* 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304].)

In *Bucher* the defendant was in custody at the time of the preliminary examination. The examination began at 3 o'clock in the afternoon. After the People had completed questioning their witnesses, the court announced that there was not a sufficient showing to hold the defendant to answer. The People then informed the court that a material witness was absent because they had been unable to serve the subpoena. In the absence of an affidavit and over the defendant's objection, the court ordered the matter continued to the following day. On the next morning the People called two additional witnesses. After the completion of their testimony, the court held the defendant to answer. The commitment was set aside on the basis that the postponement of the preliminary hearing was in violation of section 861.

In *In re Karpf*, 10 Cal.App.3d 355, 365-366 [88 Cal.Rptr. 895], the reviewing court considered the situation where a preliminary hearing commenced at 11:45 a.m. and remained uncompleted at 5 p.m., whereupon the magistrate ordered that the examination be adjourned until 9 a.m. the following morning.[3] This procedure was held not to be violative of section 861. In holding that the term "session" was not synonymous with "day" the appellate court reasoned that the hearing on the succeeding day was part of the session held on the previous day and distinguished *Bucher* on the basis that in that case there was an actual postponement even though it was of short duration. (At p. 366.)

■ The word "session" was interpreted by *Karpf* to mean " 'an actual sitting continued by adjournments in ordinary course from day to day, or over Sundays and holidays, but not interrupted by adjournment to a distant day.' [Citation.]" (10 Cal.App.3d at p. 365.) Thus the reviewing court observed that "postponement is different from a temporary cessation or interruption in proceedings compelled by the needs of the human body for periodic visits to the bathroom, or for rest, food, and sleep, or to observe a legal holiday" (p. 366), but, rather, " 'carries with it the idea of deferring the doing of something or the taking effect of something until a future or later time.' " (At p. 365.)

■ We think that the rationale of *Karpf* is applicable to the instant case. The order adjourning the examination from 12 noon to 8:30 a.m. the next day was not a postponement of the examination within the meaning of the word "postpone" but a temporary cessation or interruption of the proceedings occasioned by the evidentiary issue that was presented

---

[3] An adjournment was taken at 11:55 a.m. for the noon recess until 1:40 p.m. when the hearing resumed. There was only one interruption in the afternoon for a recess from 2:50 p.m. to 3:15 p.m.

to the magistrate. The adjournment was for the purpose of affording respective counsel an opportunity to research the question and to present points and authorities thereon to the magistrate for his consideration when the hearing would resume the next day. When the examination was resumed the court denied the People's motion to secure defendant's written statement. It should be observed here that it is a common and salutary procedure in modern day trials to adjourn proceedings and trials from time to time in order to afford counsel the opportunity to research points of law in order to obviate error. To argue that such adjournments are not part of the same sitting does violence to our accepted concepts of trial procedure.

■ We observe, furthermore, that defendant was not prejudiced by the adjournment. To the contrary, it inured to his benefit since the magistrate resolved the evidentiary issue in his favor. Moreover, unlike *Bucher,* defendant was not in custody at the time of the preliminary examination. At the time of the adjournment the People had already called all of their witnesses and defendant's final witness was on the stand. This was thus not a situation as in *Bucher* wherein defendant was arbitrarily held in custody while the People sought out witnesses in order to develop a case against him. Accordingly, we hold that there is also applicable here the principle that in order to conclude that a commitment is illegal within the meaning of section 995 the defendant must have been denied some substantial right during the course of the preliminary examination. (*People* v. *Elliot, supra,* 54 Cal.2d 498, 502-503; *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, 874; *DeWoody* v. *Superior Court,* 8 Cal.App.3d 52, 55 [87 Cal.Rptr. 210]; *People* v. *Terry,* 57 Cal.2d 538, 554 [21 Cal.Rptr. 185, 370 P.2d 985] [cert. den. 375 U.S. 960 (11 L.Ed.2d 318, 84 S.Ct. 446)].) Under the circumstances of this case the adjournment in question did not violate any substantial right of defendant.

It is apparent from the trial court's minute order that the information was dismissed on the basis that section 861 had not been complied with, and that the court did not consider the other ground urged for dismissal under section 995. The matter must, therefore, be remanded for the resolution of this issue.

The order is reversed and the matter is remanded for further proceedings in accordance with the views expressed in this opinion.

Sims, J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 17, 1973. Sullivan, J., was of the opinion that the petition should be granted.