[Civ. No. 3579. Fifth Dist. Jan. 3, 1978.]

ARTURO SERRATO, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Melvin W. Nitz, Public Defender, and Lenore Schreiber, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey, Emry J. Allen, Eddie T. Keller and Charles P. Just, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**GARGANO, J.**—The pivotal question presented in this proceeding is whether the 10-day period mentioned in section 859b of the Penal Code[1] for holding a preliminary examination for a defendant in custody may be extended by the magistrate for good cause without the defendant's consent. At all times pertinent to this proceeding section 859b read as follows: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, must set a time for the examination of the case and must allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination. He must also issue subpoenas, subscribed by him, for witnesses within the state, required either by the prosecution or the defense. *Unless the defendant waives the right, the defendant if he is in custody shall have the right to preliminary examination within 10 court days of the date he is arraigned or pleads, whichever occurs later.*" (Italics added.) (Stats. 1970, ch. 1371, § 1, p. 2537.)

On May 6, 1977, a criminal complaint was filed in the Municipal Court of the Fresno Judicial District charging petitioner with the crime of murder (§ 187); on May 9, 1977, at his arraignment on the criminal complaint petitioner entered a plea of not guilty to the charges. The preliminary examination was scheduled to commence in the Municipal Court of the Fresno Judicial District on May 23, 1977, exactly 10 court days later.

On the morning of May 23, 1977, petitioner and his counsel appeared in the municipal court for the preliminary examination. However, by 4 o'clock in the afternoon, the preliminary examination had not yet commenced; at that time the magistrate announced that he was going to postpone the preliminary examination for two days; he stated that the municipal court was occupied with other matters, and no other departments of the municipal court were available until May 25, 1977. Petitioner's counsel informed the court that her client, who was in custody, was "... not waiving time or waiving any of his rights."

---

[1]Hereafter, unless otherwise indicated, all statutory references are to sections of the Penal Code.

On May 24, 1977, petitioner filed a written motion in the municipal court to dismiss the criminal complaint on the ground that the preliminary examination had not been conducted within the 10-day period required by section 859b. On the following day the motion to dismiss was denied, petitioner's preliminary examination was commenced and petitioner was held to answer in the superior court on the charge of murder.[2]

On June 8, 1977, the People filed an information in the Superior Court of Fresno County, charging petitioner with murder (§ 187). Then petitioner made a motion pursuant to section 995 to set aside the information on the ground that he had not been legally committed on the murder charge because he was not accorded a preliminary examination within 10 court days after his initial plea of not guilty. The motion was denied; the court determined that while there was a violation of petitioner's right to have his preliminary examination held within the 10-day mandatory period mentioned in section 859b, a section 995 motion was not the proper vehicle to raise the issue. The court also found that there was good cause for the magistrate's failure to comply with the statutory requirement, and that, in any event, petitioner had failed to demonstrate that he had been prejudiced by the delay. This proceeding for a writ of prohibition followed.

█ Returning to the pivotal question, we have concluded that section 859b establishes an absolute right in favor of persons in custody charged with felonies to have the preliminary examination commenced within 10 court days after they have been arraigned upon, or entered a plea of not guilty to, the criminal complaint, whichever occurs later, and that in the absence of a waiver this right cannot be impinged upon by the magistrate, even on a showing of good cause.[3] The last sentence of

---

[2]Before denying the motion to dismiss the criminal complaint, the magistrate observed that when petitioner's preliminary examination was postponed, another preliminary examination on a felony charge was being conducted in the same courtroom. The magistrate also observed that a John Hernandez, who was the main witness at the other preliminary examination, was scheduled to be the People's only witness at petitioner's preliminary examination, and that the witness could not testify ". . . in two preliminary hearings at once." The magistrate explained that petitioner's preliminary examination was continued to May 25 instead of May 24 because all of the departments of the municipal court were occupied with jury trials on May 24. Later, when petitioner's preliminary examination was held, John Hernandez was the third witness to testify for the prosecution.

[3]This is not a case where the mandatory 10-day period of section 859b could be tolled because of a constitutional requirement as was the case in *Curry* v. *Superior Court* (1977) 75 Cal.App.3d 221, 225-226 [141 Cal.Rptr. 884].

section 859b is couched in plain and mandatory language, and, alone, leaves no room for doubt as to the legislative intention. In addition, the 10-day deadline applies only to persons who are in custody, and this fact, per se, manifests a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom. Lastly, the 10-day deadline was added by the Legislature in 1970, shortly after the appellate court decision of *People* v. *Du Bose* (1970) 10 Cal.App.3d 544 [89 Cal.Rptr. 134]. At the time of the *Du Bose* decision there was no specific statutory time limit for the commencement of a preliminary examination, and the appellate court declared in *Du Bose* that even as to persons in custody preliminary examinations merely had to be held without unreasonable delay. (*Supra*, 10 Cal.App.3d at p. 550.) If the 10-day period mentioned in section 859b did not create an absolute time period for the commencement of preliminary examinations, the 1970 amendment added little, if anything, to the decisional law.[4]

■ The Attorney General does not seriously contend that the 10-day period prescribed by section 859b can be extended by a magistrate on a mere showing of good cause. Instead, he points to section 861[5] to insist that even without a showing of good cause, the magistrate has the authority to "adjourn" a preliminary examination to a later date, and that that is what actually occurred in this case. Briefly, section 861 provides that once a preliminary examination is commenced it must be completed in one session and the Attorney General relies upon the case law explaining that the "one-session" requirement does not preclude a magistrate from adjourning a preliminary examination " '. . . in ordinary course from day to day, or over Sundays and holidays . . . .' " (*In re Karpf*

---

[4]In September 1977 the California Legislature amended section 859b (eff. Jan. 1, 1978) to give both the People and the defendant a right to have a preliminary examination held within the 10-day period. The Legislature also reiterated the absolute right of a person who is in custody to have his preliminary examination commenced within the 10-day period; in this connection the following unequivocal language was used: "In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days." (Stats. 1977, ch. 1152, § 1.)

[5]Section 861 provides: "The [preliminary] examination must be completed at one session, unless the magistrate, for good cause shown by affidavit, postpone it. The postponement cannot be for more than two days at each time, nor more than six days in all, unless by consent or on motion of the defendant."

(1970) 10 Cal.App.3d 355, 365 [88 Cal.Rptr. 895]; accord *People* v. *Castagnola* (1972) 28 Cal.App.3d 882, 887 [105 Cal.Rptr. 62].)

We do not agree. The adjournment exception to the "one-session" requirement merely contemplates a continuance of an already commenced preliminary examination from day to day, uninterrupted by any intervening judicial business. (See *Cassette*, Preliminary Hearings— Municipal and Justice Courts (Cal. Center for Judicial Education and Research 1976) tape 2 1st half, One Session.) ■ The exception, therefore, is inapplicable to the present case since the preliminary examination did not commence within the 10-day deadline of section 859b and since one full day of judicial business intervened between the expiration of that deadline and the actual commencement of the preliminary examination.

■ Here, the continuance of the preliminary examination was in the nature of a postponement, and although section 861 permits postponements on a showing of good cause, the Attorney General cannot rely upon the postponement exception either. The fact that under section 861 the magistrate is given the authority to postpone a preliminary examination from time to time upon a showing of good cause, so long as the postponements do not exceed a total of six days, does not mean that the magistrate may ignore the right accorded to a defendant by section 859b to have his preliminary examination *commenced* within the prescribed 10-day period of time. In short, the power of a magistrate under section 861 is limited to the postponement of preliminary examinations that already have commenced, and this exception to the "one-session" requirement of that section does not, nor can it be construed to, apply to a preliminary examination that, as here, never was commenced within the 10-day mandatory period delineated in section 859b.

■ Next, the Attorney General contends that petitioner is precluded from arguing that section 859b was violated in this case because he did not specifically object to the postponement of the commencement of his preliminary examination when the postponement occurred. It is the Attorney General's position that when the magistrate reset the preliminary examination for a date beyond the 10-day statutory period, petitioner's counsel should have *demanded* that the preliminary examination be conducted within the 10-day period.

We believe that petitioner adequately preserved his point for appropriate review. As we have stated, the last sentence of section 859b is designed to eliminate the possibility that a person charged with a felony might be incarcerated for a prolonged period of time without a judicial determination of probable cause merely because such a person is unable to post bail. Accordingly, section 859b states that a person in custody shall have the right to a preliminary examination within 10 court days after he has been arraigned or entered a plea of not guilty, whichever occurs later, unless he "waives the right." It cannot be successfully argued that there was a waiver in this case. When the magistrate announced that he was going to postpone the preliminary examination for two days—which was two days beyond the ten-day limit—petitioner's counsel stated that her client was not waiving time or any of his rights; this constituted an adequate objection. (See *People* v. *Hill* (1967) 251 Cal.App.2d 391, 393 [59 Cal.Rptr. 369].) Then on the next day defense counsel properly and timely moved for a dismissal. (See *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 146-147 [32 Cal.Rptr. 44, 383 P.2d 452].)

■ We summarily reject the Attorney General's argument that to obtain the relief petitioner was seeking, it was incumbent upon him to make an affirmative showing that he was prejudiced by the magistrate's failure to commence the preliminary examination within the 10-day statutory period. The California Supreme Court has declared that a preliminary examination must be held basically in accordance with the commitment procedures established by law in part 2, title 3, chapter 7, of the Penal Code (§§ 859-883), and that if a magistrate disregards a substantial right therein guaranteed to a defendant, the resulting commitment is unlawful; an affirmative showing of prejudice is not required where the right is absolute or mandatory in nature. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 874-875, 880-881 [59 Cal.Rptr. 440, 428 P.2d 304]; *People* v. *Elliot* (1960) 54 Cal.2d 498, 502-505, 507 [6 Cal.Rptr. 753, 354 P.2d 225].) The 10-day mandatory period delineated in section 859b clearly meets every one of these criteria.

At this point we note that the trial court apparently relied upon the early case of *People* v. *Van Horn* (1897) 119 Cal. 323 [51 P. 538] for the proposition that section 995 could not be utilized to challenge the

magistrate's failure to commence petitioner's preliminary examination within the 10-day period prescribed by section 859b. In *Van Horn* the magistrate, without the consent of the defendants, postponed a preliminary examination beyond the six-day limitation set forth in section 861. After being held to answer in the superior court, the defendants made a section 995 motion to set aside the information; their motion was denied. In upholding the trial court's ruling, the Supreme Court suggested that a section 995 motion was not the appropriate remedy. The court stated: "If the postponement worked appellants any legal wrong, such wrong consisted in their temporary illegal confinement by the officer who had them in custody, for which, if not lawful, there would have been a remedy at the time." (*Supra,* 119 Cal. at p. 326.)

The *Van Horn* rationale is no longer viable. For example, in *People* v. *Elliot, supra,* 54 Cal.2d 498, the defendant, at the commencement of her preliminary examination moved to exclude all witnesses pursuant to the provisions of section 868. Thereafter, the committing magistrate, over defendant's repeated objections, allowed an unauthorized person to remain in the courtroom. After defendant was held to answer, she made a motion pursuant to section 995 to set aside the information on the ground that she had been illegally committed; the motion was denied. Defendant was tried and convicted on two felony counts charged in the information. On appeal, the Supreme Court held that defendant was illegally committed and that she could utilize section 995 to attack the unlawful commitment. In reversing the convictions, the court said:

"[W]here it appears that, during the course of the preliminary examination, the defendant has been denied a substantial right, the commitment is unlawful within the meaning of section 995, and it must be set aside upon timely motion. [Citations.]

". . . . . . . . . . . . . . . . .

"The commitment procedure is set forth in [part 2,] title 3, chapter 7, of the Penal Code. . . . The preliminary examination must be held basically in accordance with the procedures established by law, and if the magistrate disregards substantial rights guaranteed to the defendant the

resulting commitment is unlawful. Any implication to the contrary found in the broad generalizations set forth in the cases of *People* v. *Beach,* 122 Cal. 37 [54 P. 369]; *People* v. *Van Horn,* 119 Cal. 323 [51 P. 538]; and *People* v. *Collins,* 117 Cal.App.2d 175, 181 [255 P.2d 59], is disapproved. [Citation.]" (*Supra,* 54 Cal.2d at pp. 503-504.)

Likewise, in *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, the committing magistrate denied the defendant's right to present an affirmative defense at his preliminary examination as guaranteed by sections 865 and 866. Defendant was held to answer in the superior court and he moved to dismiss the information pursuant to section 995. His motion was denied and defendant petitioned for a writ of prohibition. In issuing the writ, the high court stated: "As we explained in *People* v. *Elliot* (1960) 54 Cal.2d 498, 502-503 [6 Cal.Rptr. 753, 354 P.2d 225], ' "The phrase 'legally committed,' . . . refers to the examination of the case and the holding of the defendant to answer as prescribed by [part 2,] title 3, chapter 7, of the Penal Code." [Citation.] An information, of course, will not be set aside merely because there has been some irregularity or minor error in procedure in the preliminary examination. [Citation.] But where it appears that, during the course of the preliminary examination, *the defendant has been denied a substantial right,* the commitment is unlawful within the meaning of section 995, and it must be set aside upon timely motion. [Citations.]' (Italics added.)" (*Supra,* 66 Cal.2d at p. 874.)

If a person accused of a felony is not legally committed within the meaning of section 995, and can have the commitment set aside pursuant to that section, where the magistrate conducting the preliminary hearing allows an unauthorized person to remain in the courtroom after the defendant has moved to exclude all such persons under section 868 (*People* v. *Elliot, supra,* 54 Cal.2d 498), or where the magistrate denies the defendant the right to present an affirmative defense at the preliminary examination in violation of sections 865 and 866 (*Jennings* v. *Superior Court, supra,* 66 Cal.2d 867), or where the magistrate grants the prosecution's unsupported motion for a one-day continuance to secure a witness contrary to the provisions of section 861 (*People* v. *Bucher* (1959) 175 Cal.App.2d 343 [346 P.2d 202]; see also *Burnett* v. *Superior Court* (1974) 12 Cal.3d 865, 874, fn. 8 [117 Cal.Rptr. 556, 528 P.2d 372]), a fortiori, an accused is not legally committed within the ambit of section 995 if the magistrate denies him the right to have his preliminary

examination held within the mandatory time limit prescribed by section 859b and can obtain relief under section 995.

Let the peremptory writ of prohibition issue as prayed.

Brown (G. A.), P. J., and Hopper, J., concurred.