[Crim. No. 41446. Second Dist., Div. Three. May 25, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
SAMUEL GREGORY GUEVARA, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

William A. Leeds, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

POTTER, Acting P. J.—The People appeal pursuant to Penal Code section 1238, subdivision (a)(1)[1] from an order dismissing the informa-

[1] All code sections referred to herein are Penal Code sections unless otherwise indicated.

tion following the granting of defendant's motion pursuant to section 995. The ground upon which defendant's motion was made was "that the Defendant has not been legally committed by a magistrate, that the Defendant has been committed without reasonable or probable cause." The supporting memorandum argued the insufficiency of the evidence at the preliminary hearing to establish essential elements of the charges. The superior court, however, did not reach the merits of this ground, as the following transcript of the hearing demonstrates:

"THE COURT: Are the People aware that Mr. Guevara was not arraigned on the amended complaint and the preliminary hearing was interrupted without his consent and waiver of continuance of the preliminary hearing?

"MR. SWART [District Attorney]: No, Your Honor.

"THE COURT: The motion is granted on those two grounds."

At the request of the People this court has taken judicial notice of the eight count original felony complaint, of the eleven count amended complaint in the files of the municipal court and of the docket sheet recording the proceedings in the municipal court.

The docket sheet of the action shows that defendant was arraigned on June 25, 1981, on the original complaint and pleaded not guilty.

On July 7, 1981, the first amended complaint was filed and on that date the docket sheet shows that in Division 2, defendant was arraigned on the amended complaint and pleaded not guilty. The matter was then transferred to Division 3, where the cause was called for preliminary hearing on the same date. The deputy district attorney who appeared at the July 7, 1981, arraignment was not the same one as appeared at the 995 motion. Consequently, he was not aware of the fact that an arraignment had occurred and was unable to disabuse the superior court of its misapprehension.

The docket entries with respect to the preliminary hearing in Division 3 reflect the fact that the hearing did not recess on July 7 until 5:10 p.m., "to resume at 3:00 p.m., on 7/8/81." The reporter's transcript reflects that the reason that the hearing did not resume in the morning was that the court was "starting a jury matter at 9:30 in the morning which is a resumption of a matter which is already in progress."

The docket entries for July 8 show a resumption of the hearing on that date with a recess at 4:55 p.m., "hearing to resume at 9:30 a.m." On July 9 the recess was recorded as follows: "5:21 p.m. Court recesses, preliminary hearing resumes at 10:00 a.m. on 7/10/81." On July 10, the entry shows that the hearing commenced at 10:15 a.m. and was completed without further recess.

As further revealed by the municipal court docket on June 25, 1981, bail was set at $5,000 and on June 26, 1981, the defendant posted bail.

### Contentions

■ The People contend that the superior court erred in dismissing the information on the grounds stated and without consideration of the meritsbecause: (1) defendant was arraigned on the amended felony complaint and (2) the preliminary examination was "completed at one session" in compliance with section 861.

Defendant contends that the superior court did not err because (1) it had no record of the arraignment on the amended complaint and (2) the recess of the preliminary examination from 5:10 p.m., July 7, to 3 p.m., July 8, was a violation of section 861.

### Discussion

#### Summary

There was no basis for the superior court's assumption that defendant had not been arraigned on the amended felony complaint and he had, in fact, been so arraigned. The recess in the preliminary examination was not a violation of section 861 and did not justify the dismissal. The judgment of dismissal will therefore be reversed and the matter remanded for consideration of the 995 motion on the merits of defendant's claim that he was committed without reasonable or probable cause.

#### No Lack of Arraignment Shown

■ Defendant neither claimed nor made any attempt to show lack of arraignment in support of his 995 motion. Apparently, the court assumed a lack of arraignment based upon the preliminary hearing transcript which did not record any arraignment. A lack of any such

record, however, did not evidence the omission of this procedure since it was obvious that the arraignment may have preceded the hearing as it, in fact, did. The lack of any record in the superior court with respect to this matter which was not an issue, did not justify the dismissal. It is obvious that if defendant had raised any such issue, the People could have asked the superior court to take judicial notice of the municipal court docket. Moreover, the presumption of official duty regularly performed (Evid. Code, § 664) applies to the superior court's review of the municipal court's action. (*Stephens v. Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 774 [280 P.2d 39].) In the absence of any showing to the contrary, it should have been presumed that defendant was arraigned.

We conclude therefore that the first ground assigned by the superior court for dismissing the information was without validity.

*Preliminary Examination Was Completed in One Session*

At the time the preliminary examination in this case was conducted, section 861 provided in pertinent part: "The preliminary examination shall be completed at one session or the complaint shall be dismissed, unless the magistrate, for good cause shown by affidavit, postpones it."

By subsequent enactment in 1981, the section was amended to add an additional paragraph reading as follows: "Nothing in this section shall preclude the magistrate from interrupting the preliminary examination to conduct brief court matters so long as a substantial majority of the court's time is devoted to the preliminary examination."

Prior to the amendment, earlier forms of the section similarly requiring that the examination "be completed at one session" had undergone a series of court interpretations. Initially, in *People v. Bucher* (1959) 175 Cal.App.2d 343 [346 P.2d 202], a superior court dismissal on a motion under section 995 was affirmed. The preliminary examination did not commence until 3 p.m., on February 27. After four witnesses were examined by the People and cross-examined by defendant's counsel, the magistrate indicated that there was not sufficient evidence to hold the defendant to answer. The district attorney stated that one material witness was missing and it was hoped that he would be produced the following morning. No affidavits were produced to support these factual claims and the matter was recessed to the following morning over objection of the defendant, who apparently was in custody. The commitment

was held illegal. The court said (*id.*, at p. 346): "The procedures prescribed by the Legislature for the conduct of the preliminary examination are designed to protect the rights of the accused and to see to it that no one is detained in custody indefinitely or capriciously in order that a case may be developed in the future, or circumstances arise that will justify a trial. The interests of society do not demand, and the rights of the individual forbid, such an invasion of personal liberty."

In *In re Karpf* (1970) 10 Cal.App.3d 355 [88 Cal.Rptr. 895], a defendant's attorney was held in contempt for failing to appear for a resumption of a preliminary examination which was recessed at 5 p.m., until 9 am., the following morning. The attorney claimed that this was a void order, since it violated the section 861 requirement that the examination be completed in one session. He referred to this provision as requiring "completing a preliminary examination in one day." (*Id.*, at p. 367, fn. 6.) Rejecting this argument, the court said (*id.*, at p. 365): "The word 'session' does not have a single fixed and definite meaning, but is variously used in statutes and constitutions. It is at times 'employed to indicate an actual sitting continued by adjournments in ordinary course from day to day, or over Sundays and holidays, but not interrupted by adjournment to a distant day.' [Citations.] The meaning is to be ascertained by reference to the context in which it is used and the purpose of the statute in which the word is employed. We hold that the foregoing meaning is the sense in which 'session' is used in section 861 of the Penal Code. Petitioner's contention would render the word 'session' synonymous with 'day' also used in the same paragraph. If the Legislature meant 'one day' by employing 'one session,' it could have used the word 'day' instead of 'session.' When the Legislature has used the two different words, not identical in meaning, in the same paragraph, it is presumed that the Legislature knew the distinction in the meanings between the two and used the two words 'session' and 'day' intending them to have a different meaning and effect. [Citations.] The requirement of an affidavit is for a postponement. '[T]he word "postpone" carries with it the idea of deferring the doing of something or the taking effect of something until a future or later time. . . .' [Citation.] The municipal court was correct in holding that postponement is different from a temporary cessation or interruption in proceedings compelled by the needs of the human body for periodic visits to the bathroom, or for rest, food, and sleep, or to observe a legal holiday. In applying a statute the court should attach that significance to its language which is consistent with sound common sense and which will not be productive of absurd consequences. [Citation.] *People v. Bucher* (1959) 175 Cal.

App.2d 343 [346 P.2d 202], cited by petitioner, is distinguishable in that it deals with a postponement albeit a short one."

The next interpretation occurred in *People* v. *Castagnola* (1972) 28 Cal.App.3d 882 [105 Cal.Rptr. 62]. In that case, an order dismissing the information under section 995 for alleged violation of section 861 was reversed. An overnight recess in the preliminary examination was occasioned by the court's desire to have the prosecutor and defense counsel present points and authorities on an evidentiary question. The defendant was not in custody. The prosecutor agreed but defense counsel noted an objection. The court noted the holdings and rationale of *Bucher* and *Karpf* and continued as follows (28 Cal.App.3d at pp. 887-888): "We think that the rationale of *Karpf* is applicable to the instant case. The order adjourning the examination from 12 noon to 8:30 a.m. the next day was not a postponement of the examination within the meaning of the word 'postpone' but a temporary cessation or interruption of the proceedings occasioned by the evidentiary issue that was presented to the magistrate. The adjournment was for the purpose of affording respective counsel an opportunity to research the question and to present points and authorities thereon to the magistrate for his consideration when the hearing would resume the next day. When the examination was resumed the court denied the People's motion to secure defendant's written statement. It should be observed here that it is a common and salutary procedure in modern day trials to adjourn proceedings and trials from time to time in order to afford counsel the opportunity to research points of law in order to obviate error. To argue that such adjournments are not part of the same sitting does violence to our accepted concepts of trial procedure.

"We observe, furthermore, that defendant was not prejudiced by the adjournment. To the contrary, it inured to his benefit since the magistrate resolved the evidentiary issue in his favor. Moreover, unlike *Bucher*, defendant was not in custody at the time of the preliminary examination. At the time of the adjournment the People had already called all of their witnesses and defendant's final witness was on the stand. This was thus not a situation as in *Bucher* wherein defendant was arbitrarily held in custody while the People sought out witnesses in order to develop a case against him. Accordingly, we hold that there is also applicable here the principle that in order to conclude that a commitment is illegal within the meaning of section 995 the *defendant must have been denied some substantial right* during the course of the preliminary examination. [Citations.] Under the circumstances of this case

the adjournment in question did not violate any substantial right of defendant." (Last italics added.)

More recently, section 861 was construed in a dictum in *Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459 [142 Cal.Rptr. 882]. The holding in *Serrato* was that a preliminary hearing which was never commenced within the 10-day mandatory period delineated in section 859b, did not result in a legal commitment. In answer to the attorney general's argument by analogy based on *Karpf*, the court said (76 Cal. App.3d at p. 466): "We do not agree. The adjournment exception to the 'one-session' requirement merely contemplates a continuance of an already commenced preliminary examination from day to day, *uninterrupted by any intervening judicial business.*" (Italics added.)

██ The apparent purpose of the 1981 amendment to section 861 was to clarify the legislative intent embodied in the section before the amendment. Specifically, it appears to be an express disagreement with the statement in *Serrato*, that preliminary hearings must be "uninterrupted by any intervening judicial business" and an endorsement of the view stated in *Karpf* that the section must be given an interpretation "which is consistent with sound common sense which will not be productive of absurd consequences."

In this era of overcrowded courts and fiscal restraints, efficient use of meager judicial resources is essential. Inability of courts to start new matters while juries are deliberating or when a recess in a prior proceeding is found necessary, would seriously diminish the productivity of the court system. It is apparent that these considerations were important to the Legislature when section 861 was rewritten in 1980. ██ We, therefore, construe section 861, in accordance with the intent expressed in the 1981 amendment as allowing preliminary examinations to be interrupted "to conduct brief court matters so long as the substantial majority of the court's time is devoted to the preliminary examination."

When a 995 motion is based on a claim of violation of section 861, the court should exercise its sound discretion in light of all the circumstances of a specific interruption to determine whether the magistrate has denied the defendant a "substantial right during the course of the preliminary examination." (*People* v. *Castagnola, supra*, 28 Cal.App.3d at p. 888.) When the defendant is in custody, any prolongation of the examination by a recess beyond the beginning of the succeeding court

day necessarily deprives the defendant of his liberty. But a defendant who is free on bail or on his own recognizance has a much lesser stake in the length of recesses. Even such a defendant has, of course, a substantial right to a prompt disposition of the preliminary examination, which would be denied by a succession of numerous partial court days for the conduct of a lengthy preliminary. But, when the defendant is not in custody, it seems hardly necessary to require that the "substantial majority of the court's time" within each court day be devoted to the preliminary examination. Where, as in the case at bench, the substantial majority of the court's time throughout the session, which consumed most of four court days, is devoted to the preliminary hearing, the spirit of the legislative provision has been observed. We conclude, therefore, that it was an abuse of discretion for the superior court to dismiss the information in this case.

The judgment dismissing the information is reversed and the cause is remanded for further proceedings consistent with the views above expressed.

Lui, J., and Danielson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 11, 1982.