[Crim. No. 1377.   Second Appellate District, Division Two.—December 13, 1926.]

## THE PEOPLE, Respondent, v. JOE LYONS, Appellant.

[1] CRIMINAL LAW—CRIME AGAINST NATURE—ABSENCE OF COMPLAINING WITNESS—CONTINUANCE—DISCRETION.—In this prosecution for the crime against nature as denounced by section 286 of the Penal Code, in view of the necessity for the testimony of the complaining witness (the victim of defendant's alleged illicit acts), the failure or inability of the sheriff to subpoena him, and the circumstances connected with his absence, which was not discovered by the district attorney until after the jury was impaneled and sworn, the information read, and defendant's plea of not guilty stated, the trial court did not commit an abuse of discretion in continuing the case for five days, in order to procure the attendance of said complaining witness, and defendant's motions for dismissal were properly denied.

[2] ID.—MATERIALITY OF TESTIMONY—SUFFICIENCY OF SHOWING—ABSENCE OF OBJECTION. — In such prosecution, there was no merit in defendant's contention on appeal that no sufficient showing was made upon which to base an order continuing the trial where, from the reading of the information and the statements of the district attorney that the absent witness was the complaining witness, by whom all the allegations would be established, the trial judge was generally advised as to what his testimony would be, and the witness did in fact testify thereto, and defendant did not object to a continuance upon the ground that such showing was not made.

[3] ID.—COMPLAINING WITNESS AS ACCOMPLICE—CORROBORATION—CONFESSIONS.—In such prosecution, the complaining witness was an accomplice, and his testimony alone was not sufficient to support a conviction, but such testimony was sufficiently corroborated by the testimony of two other boys who testified that defendant

---

1. See 8 Cal. Jur. 213; 6 R. C. L. 556.
2. See 23 Cal. Jur. 402.

had voluntarily admitted to them that he had committed the offense.

[4] ID. — CONFLICTING EVIDENCE — VERDICT — APPEAL — INTENDMENTS. Where there is a conflict between the testimony given on behalf of the people and that given by and on behalf of defendant, it is not within the province of an appellate court to hold that the jury erroneously decided as to which witnesses told the truth, and every intendment must be resolved in favor of the verdict of the jury and of the judgment after review by the trial court upon motion for new trial.

(1) 16 **C. J.**, p. 451, n. 91, p. 458, n. 75, 76, p. 497, n. 28, 29; 17 **C. J.**, p. 274, n. 22.   (2) 17 **C. J.**, p. 53, n. 82 New; 36 **Cyc.**, p. 505, n. 41.   (3) 16 **C. J.**, p. 683, n. 82, p. 700, n. 95, p. 712, n. 30, p. 734, n. 20; 36 **Cyc.**, p. 505, n. 43.   (4) 16 **C. J.**, p. 1063, n. 85; 17 **C. J.**, p. 223, n. 42, p. 264, n. 89.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. Thomas Whelan for Appellant.

U. S. Webb, Attorney-General, and Lionel Beale Browne for Respondent.

CRAIG, J.—Appellant was charged by information with having on or about the fifteenth day of June, 1925, committed the infamous crime against nature as denounced by section 286 of the Penal Code, upon one O'Neil Lee, a male person.

[1] It is admitted that the case was set for trial on March 9, 1926, on which date a jury was impaneled and sworn, and the information was read, and the defendant's plea of not guilty stated. The usual mid-day recess was then taken, and at 2 o'clock P. M., upon reconvening, the trial court was informed by the district attorney that although a deputy sheriff was provided during the preceding week with a subpoena for all witnesses, he had been unable to serve the prosecuting witness, but that he was advised at

4.  See 8 Cal Jur. 587; 2 R. C. L. 194.

Lee's residence that the latter had gone to Los Angeles and would return to San Diego in time for trial; that during the said recess a telegram had been received which stated, "Do not expect us for some time. O'Neil is ill." The district attorney stated that a trial of the case would be impossible without this witness, and assured the court that if a continuance be granted, an officer would at once proceed to Los Angeles and search for the boy. Counsel for the defendant objected to any extension of time, but after argument of the matter the trial was continued until Wednesday, March 10th, at 2 o'clock P. M., and the jury were admonished to refrain from discussing the case or forming an opinion in the matter. On the afternoon of March 10th a deputy sheriff was sworn and, over the objection of the defendant, that diligent effort had not been made to subpoena the witness during the preceding week, testified that he had visited an address in Los Angeles, but that he had been unable to locate Lee. A motion for further continuance was resisted by the defendant, although it was admitted that his witnesses were not incarcerated, and were all within the jurisdiction of the court. The district attorney informed the court that Lee was the complaining witness, and further said:

"Now that is the situation we are confronted with, your Honor, and it is absolutely imperative that we have the benefit of this boy's testimony before we can proceed to trial. We are confronted with a situation that we did not expect. I thought that he would be here this morning. In fact, word was left for all these boys to be here this afternoon, but of course we cannot lay a sufficient foundation under the circumstances to make a motion that the testimony of this lad taken at the preliminary examination before a magistrate be read into the record to the jury. We cannot lay the foundation. So the only alternative we have, your Honor, is to move that we be given a brief continuance, and I will undertake to send Mr. Buck up to Los Angeles and Glendale this afternoon and have this boy here tomorrow afternoon, or know the reason why. There are some matters in connection with this going away with this boy that I do not care to refer to at the present time."

The first point urged by the appellant is that the court had no authority to continue the case until five days after

impaneling the jury, and that motions for dismissal were erroneously denied. Section 595 of the Code of Civil Procedure, and cases construing that section, are cited. But the continuance of criminal cases is provided for by section 1052 of the Penal Code in the following language: "When an action is called for trial, or at any time previous thereto, the court may, upon sufficient cause, direct the trial to be postponed to another day." In *People* v. *Dinsmore,* 102 Cal. 381 [36 Pac. 661], also relied upon by appellant, it appeared that a witness became indisposed while testifying, and that a continuance of sixty-three days was ordered. In was there held that jurors "roaming at large throughout the county and state for a continuous period of sixty-three days, associating with their neighbors and friends and the world at large during all this time, and without the care and protection of the court for this long period, are not the jurors the law contemplates for the trial of a defendant charged with a serious offense," and that the course there adopted could not be allowed to pass into a precedent. In *People* v. *Treadwell,* 69 Cal. 226, 239 [10 Pac. 502], however, it was held that such matters are discretionary with the trial court, and that a continuance at the request of the People to procure the attendance of witnesses was not an abuse of discretion. And, in *People* v. *Elgar,* 39 Cal. App. 78 [178 Pac. 168], wherein after the jury had been impaneled, the information read, and the prosecuting witness had testified, a continuance was granted over the objection of the defendant for a period of three weeks, for the same purpose, it was held that such action by the trial court was not error.

In the instant case, as in the one last cited, it may appropriately be said "the matter of ordering such continuance was within the discretion of the trial judge and upon this appeal the burden rests with the defendant to show that he was prejudiced by the action taken. It nowhere appears in the record as to how or in what manner the action of the court did result to his detriment or tended to prevent him having a full and fair trial upon the issues. It is not claimed that by reason of the continuance the defendant was deprived of the presence of any witness, or that any condition supervened which operated to his prejudice."

The question of diligence, also, is a matter largely to be determined by the trial court from all of the facts and cir-

cumstances presented at the time. From the fact that the missing witness in question was a schoolboy in the city of San Diego and had attended the preliminary examination, it may well have appeared to the trial judge that, although no positive steps were taken until the preceding week to forestall the possibility of his leaving the jurisdiction, yet that flight did not sufficiently enter into the realm of probability to demand any preventive measures being taken in that behalf.

Appellant cites *People* v. *Bartley,* 12 Cal. App. 773, 776 [108 Pac. 868], as authority for his argument that such motions for continuance must be supported by affidavit, and be made in the manner required by section 595 of the Code of Civil Procedure. But section 1052 of the Penal Code does not so require, nor does the case relied upon announce any rule in that respect. It is there merely remarked that the trial court did not deny the defendant permission to file an affidavit.

To hold that the granting of so short a delay was, for any of the reasons advanced by the appellant, prejudicial error, would under the circumstances of this case amount to a denial of the existence in the trial court of any discretion to grant a continuance in the trial of criminal cases at the request of the People. In the cases cited by appellant continuances were denied to defendants, and the rulings in that regard were upheld. It cannot be said, however, that had the trial court in any such instance granted a continuance its action would have been held to be error.

[2] To the contention that no sufficient showing was made upon which to base an order continuing the trial, it may be replied, first, that from the reading of the information and statements of the district attorney that Lee was the complaining witness, by whom all of the allegations would be established, the trial judge was generally advised as to what his testimony would be, and the witness in fact did testify thereto. Secondly, we are unable to find in the record any objection to a continuance upon that ground.

The prosecuting witness testified fully and positively to the acts with which the defendant was charged, and two other boys testified that appellant had admitted to them that he had committed the offense.

Much of appellant's brief is devoted to purported discrepancies and inconsistencies in the testimony of witnesses. He testified that he did not commit the crime charged against him; a teacher at the school testified that Lee was present at his classes in the forenoon of June 15th, and the defendant's superintendent testified that Lyons' record indicated that he had worked that day. Lee did not attempt to fix the exact date, however, and all of the evidence was before the jury, from which they were instructed to decide for themselves as to whether or not they believed beyond a reasonable doubt that the defendant was guilty. They having done this, the verdict constitutes a final determination of all such questions.

Appellant apparently confuses in his argument the rules governing the admission in evidence of extrajudicial statements and those applicable to the admission of confessions. [3] It is correctly asserted that the complaining witness was an accomplice (*People* v. *Casey*, 79 Cal. App. 295 [249 Pac. 525]), and that his testimony alone would not be sufficient to support a conviction. But we think that neither the contention that a foundation requisite to the introduction of confessions was not properly laid, nor the claim that the principal corroborating witness is asserted to have been unreliable, can be maintained. The district attorney did elicit testimony that no threats, duress, promise of immunity, or hope of reward was held out to obtain statements by the defendant, and that they were voluntary. The witnesses stated that they had known the defendant for some time and had visited his apartment; that he had volunteered to one of them the statement that he visited the bathhouse with Lee and told the other that he committed the acts constituting the offense as charged. Each witness testified that he was unable to fix the exact date of such conversation, and that no one else was present, but this testimony as to the fact sought to be proved was positive and was not denied except by the defendant, and the jury were instructed upon the credibility of witnesses, and the weight to be given to their testimony. [4] It is not within the province of an appellate court to hold that the jury erroneously decided as to which witnesses told the truth, and where the evidence is conflicting every intendment must be resolved in favor of the verdict of the jury, and of the

judgment after review by the trial court upon motion for new trial.

The trial court gave instructions which covered the issues of the case and embraced such rules as were properly the subject of requested instructions which the court refused. There are other points of minor importance discussed in the briefs, but we do not consider them of sufficient magnitude to require further consideration.

No error appearing, the judgment and order appealed from are affirmed.

Works, P. J., and Thompson, J., concurred.