[Crim. No. 19063. Second-Dist., Div. Two. Feb. 24, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
PAGE ADKINS BUCKEY, Defendant and Appellant.

[redacted]

## COUNSEL

Ralston, Smith & Sullivan and Austin T. Smith for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Douglas B. Noble, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Page Buckey appeals from a judgment convicting him of a violation of section 22349 of the Vehicle Code (driving at a speed in excess of 65 miles per hour) and an order granting probation upon a conviction for the unlawful possession of a restricted dangerous drug in the nature of an amphetamine (Health & Saf. Code, § 11910).

Brown, an off-duty Los Angeles policeman, was overtaken on the Santa Monica freeway at about 1:45 a.m. on April 25, 1969, by a Porsche operated by appellant, the latter vehicle traveling in excess of 75 miles per hour. Brown followed the Porsche to the Pacific Coast Highway, flagged down a California Highway Patrol car operated by Miller (who was partnered by Lingo), reported the Porsche to Miller, but did not ask Miller to arrest its driver. Miller went in pursuit, spotted the Porsche pulling from the shoulder of the highway into the road, noted that it accelerated to 60 miles per hour in the 45-mile zone, and demanded the Porsche driver to pull over to the shoulder of the road.

Los Angeles Police Officers Majors and Hayden halted their vehicle behind the Highway Patrol unit when they observed it and the Porsche stopping. C.H.P. Officer Miller had meanwhile asked appellant for his driver's license and directed him to step outside the vehicle which appellant did, walking unsteadily to the rear of his car.

Miller noted no alcohol on appellant's breath. Majors, however, did and also observed appellant's unsteady walk. C.H.P. Officer Lingo, Miller's partner, made a remark to Majors that there was "more than a drunk driver here" and Majors then aproached appellant's vehicle. He apparently stuck his head inside the car and, by the use of his flashlight, saw a plastic vial on the driver's seat which he concluded contained amphetamines.[1]

There is considerable confusion in the record as to when and by whom appellant was arrested. A view of the facts most favorable to respondent indicates that Majors placed appellant under arrest for a violation of Vehicle Code section 23102, subdivision (a) (misdemeanor drunk driving). The arrest, of course, is of legal relevance only insofar as it serves as a basis for the search of appellant's car.

Appellant, a television and film producer, predicated his defense respecting the amphetamines[2] entirely upon the claim that they had been prescribed by his physician, Dr. Gamble. While testifying on direct examination, he stated that he was carrying the vial seen by Majors on the driver's seat since he had a stomach condition that required mild tranquilizers and antispasmodics. Having admitted the possession of the restricted drugs, his defense was based purely and simply on the claim that ". . . his possession was lawful because the narcotics were secured by a prescription issued to him . . ." (*People* v. *Wallace,* 109 Cal.App.2d 676, 679 [241 P.2d 264])

---

[1]An ensuing search uncovered marijuana cigarettes in the car. Appellant, however, was found not guilty by the jury of a count charging their illegal possession.

[2]Appellant denied knowledge of the marijuana. It is uncontroverted that he had picked up a hitchhiker just before his car was stopped by the police. The jury may have inferred that the marijuana cigarettes belonged to the hitchhiker.

a claim which, if believed, would have exonerated him of the criminal charge of unlawful possession. (*Id.*)

Following the admission of possession, appellant's counsel attempted to elicit testimony from appellant that the drugs in his possession had been prescribed by his physician, Dr. William O. Gamble of Beverly Hills. Counsel's repeated attempts to prove this point through appellant's testimony were rebuffed by the trial judge on the various grounds that the proffered testimony constituted opinion evidence, violated the best evidence rule and was hearsay.

Notwithstanding counsel's perseverance, which included argument during a conference in chambers,[3] the trial judge refused to admit any testimony offered by appellant on the issue of the lawful dispensation of the drugs, i.e., their prescription. The record demonstrated that counsel was completely surprised and taken unaware by the trial court's ruling. Trial proceedings on the day the defense began its presentation ended shortly after 4 p.m. Appellant was still on the stand, under direct examination. The next morning the following ensued as the first matter in the trial at bench:

"THE COURT: We are on the record outside the presence of the jury. MR. SMITH: The doctor referred to in Mr. Buckey's testimony, Dr. Gamble, was contacted last evening. He cannot possibly appear until Monday at 1 o'clock. I think it would be appropriate if the Court, in view of the Court's rulings with respect to his testimony, to continue the matter until that time to permit the doctor to testify. THE COURT: You have no affidavit. You have nothing. You just come in and make the statement that somebody else told you something. I'm sorry. Not on that basis. There is not a sufficient basis for me to grant the request."

It is a defense to the charge at bench that the drugs had been prescribed by a physician. (*People* v. *Wallace, supra,* 10 Cal.App.2d 676; Health & Saf. Code, § 11912.) In fact, the jury was so instructed, generally in the terms of CALJIC No. 12.24.[4]

---

[3]Counsel also seems to have contemplated eliciting testimony from appellant which would have been to the effect that he was there when Dr. Gamble telephoned the prescription to the pharmacist.

[4]The instruction read to the jury differed from CALJIC No. 12.24 in the respect that it omitted the requirement that the prescription be in writing. While there are some indications in the record that counsel attempted to prove an oral prescription after his unsuccessful attempts to show that the drugs had been prescribed by means of appellant's own testimony, counsel's offer of proof, insofar as there was any, was inadequate and ambiguous, as to form and identity of the prescription he was attempting to prove. We are therefore unable to determine whether counsel's implicit challenge of CALJIC No. 12.24 has the appropriate factual support. We do not address ourselves to this question. (See text, *infra.*)

■ The granting of a continuance on the ground of the absence of a material witness is subject to certain well established conditions designed to prevent unwarranted delay in criminal prosecutions. These conditions are: "(1) a particular obtainable witness [ ]; (2) materiality of the evidence [ ]; (3) the necessity of his testimony [ ]; and (4) diligence to obtain his attendance [ ]." (Witkin, Cal. Criminal Procedure (1963) p. 273.)

■ At bench, the witness was clearly identified; the evidence to be offered by means of his testimony was not merely material, it was critical, and highly necessary, especially in view of the court's insistence on excluding appellant's own testimony on his sole defense; and the diligence shown by counsel in contacting Dr. Gamble that very evening, and promising his appearance for the next court day was all that could be reasonably desired.

The court's refusal to grant a continuance was an abuse of its discretion, deprived appellant of his sole defense, and assured a verdict of guilty. The trial judge's insistence on an affidavit, the lack of which is propounded to this court as a proper basis for the denial of the continuance by respondent, was unwarranted by our decisional law (*People* v. *Lyons*, 80 Cal.App. 257, 261 [251 P. 648]), as well as statute (Pen. Code, § 1050), and the circumstances of this case. While it is true that our Supreme Court has commented on the lack of "appropriate affidavits" to support motions for a continuance (*People* v. *Miller*, 37 Cal.2d 801, 806-807 [236 P.2d 137]), such a lack is not dispositive where counsel, an officer of the court, makes a critical, probative statement, has moved with considerable dispatch and the need, identity, and necessity for the absent witness appears clearly from the record. (Pen. Code, § 1050.)

For the benefit of the parties in the event of a retrial of the charge at bench, we observe that a written prescription should, of course, be introduced into evidence subject to the usual rules governing the admission of documentary evidence. Thus, insofar as appellant may have been attempting to introduce into evidence the *written* prescription for the drugs in question, it is clear that he was bound by the rules governing authenticity and best evidence. The state of the record is such (see fn. 4, *supra*), as to preclude an informed judgment whether counsel's questions of appellant were foundational as to the introduction of a written prescription or were meant to elicit the fact of an oral prescription. In regard to the latter, we note that CALJIC No. 12.24 requires that a prescription be lawful and written, thus paralleling CALJIC No. 12.05 which is applicable to the possession of narcotics (Health & Saf. Code, § 11500).

Appellant's conviction of a violation of section 22349 of the Vehicle Code, a misdemeanor which resulted in a five-day jail sentence, is supported

by the testimony of off-duty Police Officer Brown and is not challenged in appellant's brief.

The judgment of conviction respecting count III (violation of Veh. Code, § 22349) is affirmed.

The judgment (order granting probation for a violation of Health & Saf. Code, § 11910 (count II)) is reversed.

Herndon, J., and Fleming, J., concurred.