[No. E001806. Fourth Dist., Div. Two. Mar. 4, 1986.]

In re LAWANDA L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LAWANDA L., Defendant and Appellant.

**COUNSEL**

Gary A. Myers, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Michael D. Wellington and Louis R. Hanoian, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRIS, P. J.—**

### INTRODUCTION

Lawanda L., a minor, was charged by juvenile court petition with vandalism (Pen. Code, § 594). The allegation was found to be true, the offense was found to be a misdemeanor and the minor was declared a ward of the court pursuant to Welfare and Institutions Code section 602. She was placed on formal probation and housed with her mother. She was also ordered to pay $65.51 in restitution to the victim and serve 30 hours community service work.

On the minor's appeal from the judgment, the issues raised are errors in the production of witnesses and in sentencing. We find no error.

### FACTS

On the afternoon of June 13, 1984, the victim, Mrs. Martin, was at home. Her neighbor, Mrs. L., came to her door with her two daughters, Cassandra and Lawanda (the minor). They argued angrily and loudly about a broken swimming pool and a missing bicycle. When Martin slammed the door on them, she heard Mrs. L. say, "I ought to break your . . . window." Martin, who was standing inside behind her living room window, looked out and saw the minor pick up a stick (8 to 10 inches long) and hit her window, making a hole in the bottom and a crack up the side. Mr. Morris, a neighbor across the street, heard the argument and saw the minor pick up something

and break the window. The L.'s then left and walked to their home two doors away.

Corporal Fischer, the police investigator, called immediately by Martin, found broken glass on the inside of the house both on the floor and on the window frame.

DEFENSE

The minor, her mother, and her sister testified that when they went to talk to Martin she swung a pair of scissors in their faces. After they walked away, Martin slammed the door. They denied that Mrs. L. had said the window should be broken or that the minor had broken the window. The minor had seen a crack in the window before the incident.

DISCUSSION

I

The minor first contends the court should not have granted the prosecution a continuance until the following morning to produce rebuttal testimony from the police officer and should not have allowed the testimony of a new witness on rebuttal. We disagree.

The grant or denial of a motion for a continuance rests within the sound discretion of the trial judge (*People* v. *Valladares* (1984) 162 Cal.App.3d 312, 318-319 [208 Cal.Rptr. 604]; *People* v. *Buckey* (1972) 23 Cal.App.3d 740, 744 [100 Cal.Rptr. 551]). The trial court's decision whether or not to grant a continuance will not be disturbed on appeal in the absence of a clear abuse of discretion. (*People* v. *Duck Wong* (1976) 18 Cal.3d 178, 188-189 [133 Cal.Rptr. 511, 555 P.2d 297]; *People* v. *Sandoval* (1977) 70 Cal.App.3d 73, 82 [138 Cal.Rptr. 609, 99 A.L.R.3d 765].) Discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)

After the minor, her sister, mother, and the victim had testified, the court felt that its decision was a "coin toss." A continuance to hear further prosecution testimony was granted over the minor's objection. After rebuttal testimony by Fischer and Morris, the minor offered surrebuttal testimony by Mrs. L. which attempted to discredit Morris's testimony. The defense was then granted a continuance to procure the testimony of another neighbor. He did not testify.

 The court was told that the investigating police officer was on call and could be in court by noon. The court granted a recess until the following morning in order to have Fischer testify about the presence of glass at the scene because "[W]ithout that, I cannot draw any conclusions on this case, and I would say that in terms of your presentation, it would be critical . . . ."

Under these circumstances we find the court did not abuse its discretion in granting the continuance. The only harm to the minor was that testimony was heard by the court "to get to the bottom of the thing and try to figure out what the truth is."

 After the trial was recessed the minor was told that an additional witness might be called the next morning. Although Martin had known her neighbor, Morris, had seen the minor break the window, the prosecution had not been aware of Morris until after the court recess. The minor now contends that this testimony was a "complete surprise" to her.

Even if the minor was unfamiliar with the prosecution witness, she is not entitled to a reversal. The proper remedy is to seek a continuance to meet the new evidence (*People* v. *Reyes* (1974) 12 Cal.3d 486, 501-502 [116 Cal.Rptr. 217, 526 P.2d 225]; *People* v. *McGowan* (1980) 105 Cal.App.3d 997, 1002 [166 Cal.Rptr. 725]). The minor was granted a second continuance in order to bring in another witness. The court did not abuse its discretion in allowing Morris to testify.

## II

 The minor also contends the trial court committed error by imposing a harsher sentence than it would have normally imposed due to the fact the minor did not admit the offense, exercised her right to a jurisdictional hearing, and in the court's opinion lied at trial. The questions of whether the minor, unlike an adult offender, can be given harsher punishment because she did not admit the offense but demanded a hearing and committed perjury are important.

 In adult criminal cases two separate issues are presented. The court cannot impose a harsher sentence on an adult defendant merely because she pleads not guilty and exercises her right to a jury trial. (*People* v. *Weber* (1984) 162 Cal.App.3d Supp. 1, 8 [208 Cal.Rptr. 719]; *People* v. *Morales* (1967) 252 Cal.App.2d 537, 544 [60 Cal.Rptr. 671].) Secondly, "[w]hen there has been no charge of perjury or conviction for that crime, due process would be denied if additional punishment were inflicted for that crime. [Citations.]" (*In re Perez* (1978) 84 Cal.App.3d 168, 171 [148

Cal.Rptr. 302].) However, "[a] trial court's conclusion that a defendant has committed perjury may be considered as one fact to be considered in fixing punishment as it bears on defendant's character and prospects for rehabilitation." (*People* v. *Redmond* (1981) 29 Cal.3d 904, 913-914 [176 Cal.Rptr. 780, 633 P.2d 976].)

"[T]he permissible sentencing practice is subject to two very strict limitations. . . . [T]he sentencing judge must be very sure that the testimony contained willful and material falsehoods, and . . . must not confuse the permissible evaluation process with the impermissible practice of increasing the sentence in order to punish for perjury." (*In re Perez, supra,* 84 Cal.App.3d 168, 172.) As a procedural safeguard, "[i]n the absence of any clarifying language, the statement that petitioner's perjury . . . is the 'reason' for the sentence suggests that the sentence was imposed or made more severe in order to punish the petitioner for those acts. Since no charge of perjury had been filed, and petitioner did not stand convicted of such offense, such sentence would violate due process." (*Perez,* at p. 173.)

 At the minor's dispositional hearing the court stated: "I have found her story to be untrue. [¶] I don't believe that they testified truthfully before the Court.

" . . . . . . . . . . . . . . . . . . . . . .

"You are on probation today, Lawanda, because of the sad way in which you responded to the situation and the lies that you told before this court. Had you simply stepped forward and acknowledged your responsibility and paid the money, you would probably have had this case dismissed. [¶] As it is, you'll be on probation to this Court, . . ."

In light of the above adult due process rights we must ask whether the minor's punishment was increased by the court because she refused to confess and demanded a hearing or because she perjured herself on the stand; if so, is due process, which forbids the use of these reasons to increase punishment for adults, applicable to juvenile court dispositions?

Respondent agrees that seeking a hearing did affect the disposition of the minor's case. If she had admitted the offense and accepted informal probation under Welfare and Institutions Code section 654, there would have been no "opportunity for the court to make her a ward." However, respondent asserts that making the minor a ward of the court and imposing formal probation was not punishing her for asserting her right to a hearing, but reflects the need to impress upon her the fact a court hearing does not present a license to commit perjury. We agree.

## A.

Had the court given as its only reason for finding the minor to be a ward of the court that she did not immediately confess to the allegation and pay the victim, it would have been error for the court to punish the minor for exercising her due process right to a jurisdictional hearing on the merits of the allegation.

Respondent's attempted dismissal of the question of "harsher sentencing" as being inappropriately asked because the minor was placed on probation belies the potential impact of juvenile court proceedings. ▆ "While the juvenile court law provides that adjudication of a minor to be a ward of the court shall not be deemed to be a conviction of crime, nevertheless, for all practical purposes, this is a legal fiction, presenting a challenge to credulity and doing violence to reason. . . . [¶] It is common knowledge that such an adjudication when based upon a charge of committing an act that amounts to a felony, is a blight upon the character of and is a serious impediment to the future of such minor." (*In re Contreras* (1952) 109 Cal.App.2d 787, 789 [241 P.2d 631]. See also, *In re Mikkelsen* (1964) 226 Cal.App.2d 467, 471 [38 Cal.Rptr. 106].)

▆ "The *Winship* [(1970) 397 U.S. 358] Court reaffirmed the assertion made in both *Kent* [(1966) 383 U.S. 541] and *Gault* [(1967) 384 U.S. 1] that arguments based on the ' "civil" label-of-convenience which has been attached to juvenile proceedings,' and on the non-punitive, treatment-oriented nature of the juvenile court did not justify stripping juveniles of due process protections." (Walkover, *The Infancy Defense in the New Juvenile Court* (1984) 31 UCLA L.Rev. 503, 520-521.)

The 1984 revisions of the juvenile court[1] statutes reflect the shift in the purpose of the California system away from the *parens patriae* role which

---

[1] "(a) The purpose of this chapter is to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public. When the minor is removed from his or her own family, it is the purpose of this chapter to secure for the minor custody, care, and discipline as nearly as possible equivalent to that which should have been given by his or her parents. This chapter shall be liberally construed to carry out these purposes. (b) Minors under the jurisdiction of the juvenile court who are in need of protective services shall receive care, treatment and guidance consistent with their best interest and the best interest of the public. Minors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, and which is appropriate for their circumstances. Such guidance may include punishment that is consistent with the rehabilitative objectives of this chapter. Juvenile courts and other public agencies charged with enforcing, interpreting and administering the Juvenile Court Law shall consider the safety and protection of the public and the best interest of the minor in all deliberations pursuant to this chapter." (Welf. & Inst. Code, § 202.)

was rejected earlier by the U.S. Supreme Court. The delinquency proceeding "is designed 'to vindicate [the] very vital interest in enforcement of criminal laws.' [Citation.]" (*Breed* v. *Jones* (1975) 421 U.S. 519, 531 [44 L.Ed.2d 346, 356, 95 S.Ct. 1779]. See also Comment, *Effects of Recent Legislation on the California Juvenile Justice System* (1983) 17 U.S.F. L.Rev. 705.)

■ A juvenile court judge does not have complete discretion in determining whether a minor should be declared a ward of the court. (*In re Lawrence B.* (1976) 61 Cal.App.3d 671, 673 [132 Cal.Rptr. 599].)

*In re Scott K.* (1979) 24 Cal.3d 395 [155 Cal.Rptr. 671, 595 P.2d 105], used the balancing test of *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], to find that search and seizure laws were not disruptive or inconsistent with the state's interest in child welfare. (*Ibid.*, at p. 402.) ■ "By no means are the rights of juveniles coextensive with those of adults. [Citation.] Minors' rights are often legitimately curtailed when the restriction serves a state's interest in promoting the health and growth of children. [Citations.]" ■ However, "[j]ustice should not be compromised by well-intentioned aims to correct transgressing youths, and the rehabilitative value of treating juveniles with fairness must not be underrated. [Citations.]" (*In re Scott K.*, *supra*, 24 Cal.3d 395, 401-402.)

The search and seizure rights of juveniles in school settings have been further expanded by *Gordon J.* v. *Santa Ana Unified School Dist.* (1984) 162 Cal.App.3d 530 [208 Cal.Rptr. 657], and *In re William G.* (1985) 40 Cal.3d 550 [221 Cal.Rptr. 118, 709 P.2d 1287].

■ The purposes of the juvenile court system are not advanced but are retarded by allowing a court to punish a juvenile for exercising her due process rights to a fair hearing. A minor has the same due process right as an adult not to be more severely punished for exercising her right to a hearing with the procedural safeguards found to be constitutional rights for juveniles.[2]

---

[2] 1. *Kent* v. *United States* (1966) 383 U.S. 541 [16 L.Ed.2d 84, 86 S.Ct. 1045] (fair hearing for transfer to criminal court; but *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 718 [135 Cal.Rptr. 392, 557 P.2d 976], not full evidentiary protections).

2. *Application of Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428] (notice/counsel, confrontation, cross-examination, no self-incrimination).

3. *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068] (proof beyond reasonable doubt).

4. *Breed* v. *Jones* (1975) 421 U.S. 519 [44 L.Ed.2d 346, 95 S.Ct. 1779] (no double jeopardy).

5. *In re Scott K.* (1979) 24 Cal.3d 395 [155 Cal.Rptr. 671, 595 P.2d 105] (search and seizure).

The right to a hearing would be meaningless if the possibility of more severe punishment chilled its use by juveniles. (See *In re Kevin G.* (1985) 40 Cal.3d 644, 651 [221 Cal.Rptr. 146, 709 P.2d 1315], where county procedure forcing a minor to elect being heard before the juvenile court, where a wardship proceeding is filed, rather than a traffic hearing officer in order to secure appointment of counsel penalizes an indigent minor who invokes his constitutional rights to appointed counsel; *In re Richard W.* (1979) 91 Cal.App.3d 960, 979 [155 Cal.Rptr. 11], cannot subject juvenile to confinement beyond that prescribed for charged crimes without statutory notice; *In re David B.* (1977) 68 Cal.App.3d 931, 935 [137 Cal.Rptr. 577], due process violation for state to call new fitness hearing to be tried as adult after juvenile's successful appeal.)

B.

The court went on to say the reason for its disposition was not only that the minor had refused to confess and demanded a hearing, but also because she had perjured herself during the hearing. The consideration of perjury in imposing wardship and formal probation without specifically mentioning a rehabilitative reason did not violate the minor's due process rights. Rehabilitation is assumed to be one of the purposes of the juvenile court system without the necessity for the formal statement of reasons at the dispositional hearing.

The purpose of the juvenile court system is for the protection of the public as well as of the minor; however, Welfare and Institutions Code section 202 explicitly states that the purpose of its punishment is *not* retribution.[3] This is in contrast to Penal Code section 1170, subdivision (a)(1), which states its purpose is punishment, not rehabilitation.[4] A juvenile court need not explicitly state its rehabilitation purpose in increasing sentencing for perjury as is necessary for adult criminal courts because rehabilitation, not retribution, is the main purpose of the juvenile court system.

---

[3]Welfare and Institutions Code section 202, subdivision (e) states: "(e) As used in this chapter, 'punishment' means the imposition of sanctions which include the following: (1) Payment of a fine by the minor. (2) Rendering of compulsory service without compensation performed for the benefit of the community by the minor. (3) Limitations on the minor's liberty imposed as a condition of probation or parole. (4) Commitment of the minor to a local detention or treatment facility, such as a juvenile hall, camp, or ranch. (5) Commitment of the minor to the Department of the Youth Authority. 'Punishment,' for the purposes of this chapter, does not include retribution."

[4]"(a)(1) The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances. The Legislature further finds and declares that the elimination of disparity and the provision of uniformity of sentences can best be achieved by determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the court with specified discretion."

The court did not commit error in allowing a continuance to hear further witnesses or in increasing the minor's rehabilitation sentence for perjury.

## DISPOSITION

The judgment is affirmed.

McDaniel, J., and Rickles, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 29, 1986.