[No. A050466. First Dist., Div. One. Nov. 25, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM R. FROEHLIG, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication. The portions directed to be published follow.

262

## COUNSEL

Tom Harriman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NEWSOM, Acting P. J.**—After a jury trial, appellant was convicted of unlawfully taking or driving an automobile (Veh. Code, § 10851) and resisting arrest (Pen. Code, § 148). The vehicle in question, a 1965 Volkswagen, was stolen from the front yard of the home of James Love in Santa Rosa on July 3, 1989. Appellant was found in possession of the vehicle when detained by the police the next day. Appellant testified that he bought the Volkswagen from a man named "Jim Love" for $200 at Monte Rio Beach.

His testimony was corroborated by John Davis, a friend who was with appellant on the day of the purported purchase. At the time of trial, Davis was in custody in the California Rehabilitation Center in Norco. In cross-examination, Davis admitted that he had been "convicted of a civil commitment."

Appellant's first contention is that the trial court erred by requiring defense witness Davis to testify while dressed in prison clothes. The prejudice resulting from the appearance of Davis in jail clothes was exacerbated, claims appellant, by the trial court's pronouncement to the jury that the witness was "in custody." The net effect, he maintains, was to destroy the credibility of a critical defense witness.

The record shows that on Friday, April 13, 1990, appellant moved for and was granted an order for the production of Davis, who was then in custody in the California Rehabilitation Center in Norco for treatment of addiction following a guilty plea to an unspecified felony. Davis was scheduled to be produced the following Tuesday, April 17, but that day defense counsel learned Davis would not arrive until April 18, around 10:30 a.m., and so informed the court. The proceedings were recessed early on the 17th to await the arrival of Davis, who appeared the following day as scheduled. When court reconvened at 1 p.m. on April 18th, defense counsel asked to "see how he's dressed before the jury comes in." A further request was made that if Davis appeared in jail clothes, the defense would be permitted to have him "dressed out in proper clothing." The trial court denied the motion, stating: "However he's dressed he's dressed. We are not going to delay the proceedings any further to try to find him clothes."

Just before the witness appeared at trial, the court advised the jury: "Ladies and gentlemen, Mr. Davis is in custody. It's going to take a couple minutes to get him over here and then we'll proceed." During his testimony, Davis admitted that he had previously suffered a felony conviction,[1] and was presently serving a "civil commitment" which was to terminate in August of 1990.

It is settled that the right to due process and a fair trial is abridged if the *accused* is compelled to stand trial before a jury while dressed in identifiable prison clothes. (*Estelle* v. *Williams* (1976) 425 U.S. 501, 512-513 [48 L.Ed.2d 126, 135-136, 96 S.Ct. 1691]; *People* v. *Taylor* (1982) 31 Cal.3d 488, 494 [183 Cal.Rptr. 64, 645 P.2d 115]; *People* v. *Kent* (1981) 125 Cal.App.3d 207, 211 [178 Cal.Rptr. 28].) The appearance of the defendant in

---

[1]The prior conviction was for a violation of Vehicle Code section 10851, but was "sanitized" to prevent further prejudice to the defense.

prison clothes impairs the fundamental presumption of innocence, impinges upon the tenets of equal protection by operating against those who cannot secure release by posting bail before trial, and compromises the credibility of a defendant who also takes the stand as a witness. (*People v. Taylor, supra,* at pp. 494-495; *People v. Williams* (1979) 93 Cal.App.3d 40, 67 [155 Cal.Rptr. 414].) Thus, if a defendant makes a proper and timely objection, he has a constitutional right to be tried in civilian clothes. (*People v. Taylor, supra,* 31 Cal.3d at p. 499; *Felts v. Estelle* (9th Cir. 1989) 875 F.2d 785, 786.)

 The appearance of a defense *witness* attired in prison clothes does not, of course, adversely affect the presumption of innocence or carry with it the inference that the defendant is a person disposed to commit crimes. (*People v. Allen* (1986) 42 Cal.3d 1222, 1265 [232 Cal.Rptr. 849, 729 P.2d 115]; *People v. Valenzuela* (1984) 151 Cal.App.3d 180, 193 [198 Cal.Rptr. 469].) "That policy is . . . inapplicable to independent witnesses not entitled to the classic presumption of innocence, whose very testimony is likely to disclose to the jury that they are not free and innocent men but are, rather, men whose felonious acts have caused them to be incarcerated . . . ." (*Id.* at pp. 193-194.) The credibility of a defense witness observed by the jury in prison attire may be suspect, but the prejudicial impact upon the defense is considered "less consequential." (*People v. Duran* (1976) 16 Cal.3d 282, 288, fn. 4 [127 Cal.Rptr. 618, 545 P.2d 1322, 90 A.L.R.3d 1]; *People v. Valenzuela, supra,* at p. 194, citing *Kennedy v. Cardwell* (6th Cir. 1973) 487 F.2d 101, 105, and fn. 5, cert. den. *sub nom. Kennedy v. Gray* (1974) 416 U.S. 959 [40 L.Ed.2d 310, 94 S.Ct. 1976].)

 Had a timely request been made by appellant, we might be compelled to find error in the trial court's refusal to permit the witness to appear in civilian clothes. (*People v. Valenzuela, supra,* 151 Cal.App.3d 180, 195; *People v. Williams supra,* 93 Cal.App.3d 40, 67; *People v. Du Bose* (1970) 10 Cal.App.3d 544, 549 [89 Cal.Rptr. 134].) Appellant's tardiness in seeking to change the attire of his witness is a countervailing consideration which, we conclude, must be balanced against his right upon timely request to presentation of a defense witness free from the stigma of prison clothes.[2] Appellant's motion to produce the witness was not made until April 13, the Friday

[2]This is so even though no waiver occurred. Appellant made an objection to the appearance by Davis in prison clothing before the witness testified before the jury. (Cf. *People v. Hetrick* (1981) 125 Cal.App.3d 849, 854 [178 Cal.Rptr. 303]; *People v. Hernandez* (1979) 100 Cal.App.3d 637, 646 [160 Cal.Rptr. 607].)

And, contrary to respondent's claim, the record contains sufficient evidence that Davis gave his testimony while dressed in some sort of identifiable prison garb. Defense counsel so noted during closing argument. As both parties state in their briefs, the prison officials charged with the custody of Davis require inmates to wear an identifiable uniform while in custody. (Evid. Code, §§ 452, subd. (h), 459.) From such a record, we believe the inference may be

before trial, which delayed the appearance of Davis until after the prosecution had rested its case. The proceedings were, in fact, delayed for nearly a full day pending the arrival of the witness. Then, even after Davis was produced about 10:30 a.m. on April 18, defense counsel failed to inquire about his clothing until the afternoon session at which Davis was scheduled to testify. A change of clothing would have necessitated a further continuance and delay of the proceedings, which the trial court refused to tolerate. Our focus therefore shifts to the issue of whether a continuance should have been granted to protect appellant's right to properly dress his witness.

■ Penal Code section 1050 provides: " 'Continuances shall be granted only upon a showing of good cause.' " (*People* v. *Yackee* (1984) 161 Cal.App.3d 843, 848 [208 Cal.Rptr. 44].) "The grant or denial of a motion for a continuance rests within the sound discretion of the trial judge (*People* v. *Valladares* (1984) 162 Cal.App.3d 312, 318-319 [208 Cal.Rptr. 604]; *People* v. *Buckey* (1972) 23 Cal.App.3d 740, 744 [100 Cal.Rptr. 551]). The trial court's decision whether or not to grant a continuance will not be disturbed on appeal in the absence of a clear abuse of discretion. (*People* v. *Duck Wong* (1976) 18 Cal.3d 178, 188-189 [133 Cal.Rptr. 511, 555 P.2d 297]; *People* v. *Sandoval* (1977) 70 Cal.App.3d 73, 82 [138 Cal.Rptr. 609, 99 A.L.R.3d 765].) Discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)" (*In re Lawanda L.* (1986) 178 Cal.App.3d 423, 428 [223 Cal.Rptr. 685].) "In deciding whether the denial of a continuance was so arbitrary as to violate due process, the reviewing court looks to the circumstances of each case, ' "particularly in the reasons presented to the trial judge at the time the request [was] denied." ' [Citations.]" (*People* v. *Courts* (1985) 37 Cal.3d 784, 791 [210 Cal.Rptr. 193, 693 P.2d 778]; see also *People* v. *Jeffers* (1987) 188 Cal.App.3d 840, 850 [233 Cal.Rptr. 692].)

■ Appellant argues unconvincingly that defense counsel could not have been aware of the manner in which Davis would be dressed until the moment of his actual appearance. While this may be so, it does not excuse an earlier, prophylactic request for the witness to be dressed in civilian clothes. From the time appellant made a motion for production of the witness—which, itself, was on the eve of trial—the issue of attire was presented. Defense counsel could have then made a timely request for the appearance of the witness in civilian clothing, and thereby have avoided any disruption of the proceeding once Davis was actually produced. That counsel did not take such action until the witness was scheduled to give his testimony weighs heavily against appellant's right to a continuance.

reasonably drawn that Davis appeared before the jury in his prison clothing. (*People* v. *Hetrick, supra*, 125 Cal.App.3d 849, 852.)

We are also of the opinion that Davis's appearance in civilian clothes would have been of scant benefit to the defense, since he was impeached with evidence of a prior felony conviction. His credibility was not appreciably tarnished further by his appearance in prison attire and the court's reference to his present commitment. (*People* v. *Valenzuela, supra,* 151 Cal.App.3d 180, 195-196.) No other cognizable prejudice to appellant resulted from the trial court's ruling. (*Ibid.*)

All factors considered, we find no abuse of discretion by the trial court in its denial of appellant's request to observe the witness and, if necessary, delay the proceedings to obtain civilian clothes for his court appearance. We further conclude that, for the reasons stated, if error was committed, it was harmless to appellant beyond a reasonable doubt. (*People* v. *Valenzuela, supra,* at p. 196; *People* v. *Kozel* (1982) 133 Cal.App.3d 507, 537 [184 Cal.Rptr. 208]; *People* v. *Cecil* (1982) 127 Cal.App.3d 769, 779 [179 Cal.Rptr. 736]; *People* v. *Wilson* (1979) 97 Cal.App.3d 547, 550 [158 Cal.Rptr. 811]; *People* v. *Du Bose, supra,* 10 Cal.App.3d 544, 550.)

. . . . . . . . . . . . . . . . . . . . . . . . . .*

The judgment is affirmed.

Stein, J., and Dossee, J., concurred.

---

*See footnote, *ante,* page 260.