[No. B166775. Second Dist., Div. Four. July 26, 2004.]

In re EDY D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDY D., Defendant and Appellant.

## COUNSEL

Sandra L. Waite, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CURRY, J.**—Edy D. appeals from a judgment entered declaring him a ward of the court pursuant to Welfare and Institutions Code section 602 upon a finding that he had committed petty theft, a misdemeanor, in violation of Penal Code section 484, subdivision (a). Placed home on probation, he contends the trial court violated his right to due process in failing to consider a disposition pursuant to Welfare and Institutions Code section 725, subdivision (a), as punishment for exercising his right to adjudication. For reasons explained in the opinion, we reverse the disposition order.

### FACTUAL AND PROCEDURAL SUMMARY

Immediately prior to adjudication, the minor moved pursuant to Code of Civil Procedure section 170.1 to disqualify the judge for trial purposes. Defense counsel explained that while the trial court believed the motion was untimely, the problem was that when the parties last came to court and tried

to discuss disposition, the court advised that "the 725[1] disposition was off the table because [defense counsel] was setting it for trial." Defense counsel argued the court could not be fair in terms of disposition when the court had already decided appellant should not receive a 725, subdivision (a) disposition just because the matter was set for trial.

In response, the court stated the matter had been set for pre plea and it was the court's "understanding discussions were had and the minor rejected 725(a). If he rejected it, [the court is] not going to allow [the minor] to take advantage of 725(a) when witnesses are inconvenienced and brought to court. [The court] did say that 725(a) was off the table. [The court doesn't] see anything wrong with that. It was offered to him, and he rejected it."

At the adjudication hearing, Domingo Gomez testified he was employed in loss prevention at Tower Records in Marina Del Rey. On October 29, 2002, he was operating a camera from an observation point and observed the minor peeling the security tags from CD's. Gomez left the camera on the minor to see what he was going to do with the CD's and observed the minor conceal two of them in his front waistband. The minor then walked to the front of the store, grabbed his backpack, and exited the store. He passed "personed registers" on his way out but made no attempt to pay for the CD's. Alarms went off, as the CD's have "back-up tags." Gomez detained the minor outside of the store. Gomez identified himself, stated for whom he worked, and placed the minor under arrest. Gomez subsequently turned the minor over to the police. The total value of the items was $41.98.

The petition was sustained and although the probation report recommended disposition in accordance with Welfare and Institutions Code section 725, subdivision (a), the court declared the minor a ward of the court pursuant to Welfare and Institutions Code section 602 and placed him home on probation.[2]

---

[1] Welfare and Institutions Code section 725 provides in pertinent part, "After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows: [¶] (a) If the court has found that the minor is a person described by Section 601 or 602, by reason of the commission of an offense other than any of the offenses set forth in Section 654.3, it may, without adjudging the minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months . . . . [¶] (b) If the court has found that the minor is a person described by Section 601 or 602, it may order and adjudge the minor to be a ward of the court."

[2] Defense counsel again argued relative to the disposition that "[t]he probation report recommended 725. On the last court date, March 25th, the Court apparently thought he was eligible for 725 probation. I provided his grades, which are better than they were the 25th of March. I think he remains eligible for 725 probation. This incident occurred in October. He has been free from law enforcement since October. It is now April. It has been a good six months."

## DISCUSSION

Appellant contends his due process rights were violated in that he was punished for exercising his constitutional rights. We agree.

"It is well settled that to punish a person for exercising a constitutional right is 'a due process violation of the most basic sort.' [Citation.] The constitutional right to trial by jury in criminal prosecutions is fundamental to our system of justice [citations]; thus, [our Supreme Court has] stated that 'only the most compelling reasons can justify any interference, however slight, with an accused's prerogative to personally decide whether to stand trial or to waive his rights by pleading guilty.' [Citation.] 'A court may not offer any inducement in return for a plea of guilty or nolo contendere. It may not treat a defendant more leniently because he foregoes his right to trial or more harshly because he exercises that right.' [Citation.]" (*In re Lewallen* (1979) 23 Cal.3d 274, 278–279 [152 Cal.Rptr. 528, 590 P.2d 383].)

■ The court's statement that if the minor inconvenienced witnesses by having them come to court for an adjudication hearing, the option of a disposition under Welfare and Institutions Code section 725, subdivision (a) would no longer be available to him, reveals that the court gave consideration to the minor's election to exercise his right to an adjudication. That he chose not to admit the allegation "is completely irrelevant at sentencing; if a judge bases a sentence, or any aspect thereof, on the fact that such a plea is entered, error has been committed and the sentence cannot stand." (*In re Lewallen, supra,* 23 Cal.3d 274, 279.) We conclude that the court's statement indicates the court was basing the minor's disposition at least in part on the fact that he declined the disposition prior to the adjudication. (See *In re Lawanda L.* (1986) 178 Cal.App.3d 423, 432–433 [223 Cal.Rptr. 685].)

## DISPOSITION

The disposition in this matter is reversed and remanded to the trial court for reconsideration.

Epstein, Acting P. J., and Hastings, J., concurred.